**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHECKERS DRIVE-IN RESTAURANTS,
INC.,

    Plaintiff,

v.                                        CASE NO. 8:20-cv-859-T-02JSS

JIGNESH PANDYA;
8001 ROOSEVELT BLVD.; LLC,
2105 BURLINGTON, LLC;
SRI DEVADEVA, LLC;
2008 W. OREGON AVE., LLC;
SRI KIRTI, LLC;
SHRI VIGHNESHWAR, LLC;
SHRI CHINTAMANI, LLC;
SHRI BALLALESHWAR, LLC;
SHRI SIDDHATEK, LLC;
SHRI VARADAVINAYAK, LLC;
SHRI GIRIJATMAJ, LLC;
SRI MAHAGANAPATI, LLC; and
SHRI MAYURESHWAR, LLC,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff's motion for default judgment (Dkt. 32) against all Defendants together with the operating agreements between Checkers Drive-In Restaurants, Inc. ("Checkers") and each Defendant, the declaration of the Controller of Checkers with exhibits, and the declaration in support of attorney's fees with attached timesheets. After careful consideration of the motion, the

complaint (Dkt. 1), the declarations and exhibits, and the entire court file, the Court concludes a default judgment is due to be entered.

Checkers, as the franchisor, terminated its franchise agreements with the Defendants after they failed to comply with the terms regarding payment and operational requirements. After the dispute was submitted to arbitration, Checkers and the Defendants entered into a settlement agreement in October 2019, which permitted the Defendants to own and operate the restaurants under temporary operating agreements. The Defendants breached the temporary operating agreements by failing to pay royalties and fees and to satisfy operational requirements.

Checkers gave notice of the default on March 20, 2020, and thereafter terminated the operating agreements and demanded compliance with post-termination obligations including ceasing operation of the Restaurants. Defendants have failed to comply and continue to operate the Restaurants, thereby continuing the unauthorized use of the Checkers Marks. Each operating agreement contained a personal guarantee by Defendant Jignesh Pandya who is the sole member and guarantor of each of the Defendant limited liability companies.

Defendants were served with the summons and complaint. Dkts. 7–18. Because they failed to plead or otherwise defend, a clerk's default was entered against each of the Defendants. Dkts. 20–31.

The Court finds the complaint and the underlying substantive merits more than sufficient. *See Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (holding default judgment must be based on complaint that states a claim and "is supported by well-pleaded allegations, assumed to be true") (citation omitted). Defendants are deemed to have admitted liability on the well-pleaded allegations of fact in the complaint. *Buchanon v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (relying on *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)). Damages may be awarded without a hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (citing cases).

The Court finds Checkers is entitled to compensatory damages for breach of the operating agreements and the guarantees, which are a sum certain. The contract damages total $222,248.42. Dkt. 32-4 at 3, 8. Checkers is entitled to attorney's fees pursuant to the operating agreements. The Court finds the amount of $14,512.50 in attorney's fees, which is substantiated by the affidavit and bills, to be reasonable. The costs of the $400 filing fee is recoverable under 28 U.S.C. § 1920. Checkers is further entitled to injunctive relief for trademark infringement.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The motion for default judgment (Dkt. 32) is granted as to liability, injunctive relief, compensatory damages under the contract, attorney's fees and costs.  Damages are awarded against the Defendants as follows:

   | | |
   |---|---|
   | 105 Burlington, LLC (3040) | $5,306.02 |
   | Shri Chintamani, LLC (3114) | $19,730.45 |
   | Sri Devadeva, LLC (5334) | $5,292.43 |
   | Shri Ballaleshwar, LLC (5335) | $22,269.42 |
   | Shri Siddhatek, LLC (5398) | $11,202.70 |
   | 2008 W. Oregon Ave., LLC (5481) | $4,546.36 |
   | Shri Varadavinayak, LLC (5482) | $23,794.40 |
   | Shri Girijatmaj, LLC (5487) | $10,360.09 |
   | Sri Mahaganapati, LLC (5579) | $12,484.26 |
   | Sri Kirti, LLC (5627) | $6,828.90 |
   | Shri Vighneshwar, LLC (5629) | $28,797.84 |
   | 8001 Roosevelt Blvd LLC (5783) | $58,616.31 |
   | Shri Mayureshwar, LLC (6371) | $13,254.24 |

   Damages are awarded in the total amount of $222,248.42 against Defendant Pandya who is jointly and severally liable as guarantor of each of the Defendants.  Attorney's fees and costs are awarded in favor of Plaintiff in the amount of $14,912.50.

2. Defendants, and all persons acting on their behalf, in concert and under their control, are enjoined from: (a) manufacturing, packaging, distributing, selling, advertising, displaying, or promoting any product or service bearing any of Checkers trademarks, or any colorable imitation thereof at the Restaurants; (b) displaying or using any of Checkers' trademarks to advertise or promote the sale of, or to identify, the Restaurants, or any

product or service provided therein; (c) making in any manner whatsoever any statement or representation, or performing any act, likely to lead members of the public to believe that Defendant, the Restaurants, and the products and services provided therein, are in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized, or approved by Checkers; and (d) operating a competitive business as defined in the respective franchise agreements.

3. Defendants and all persons acting on Defendants' behalf, in concert with Defendants, or under Defendants' control, are directed to: (a) recall and deliver up to Checkers all signs, banners, labeling, packaging, advertising, promotional, display and point-of-purchase materials which bear, or make reference to, any of the Checkers' trademarks, or any colorable imitation of the Checkers' trademark; (b) recall and deliver up to Checkers all copies and editions of the OPS Manuals that are in their actual or constructive, direct or indirect, possession, custody or control, including all supplements and addenda thereto and all other materials containing restaurant operating instructions, restaurant business practices, or plans of Checkers; and (c) allow Checkers at a reasonable time, to enter the premises of the Restaurants and make whatever changes, including removal of tangible assets, that are

    necessary to distinguish the premises from their appearances as CHECKERS® restaurants.

4. Defendants are directed to file with the Court, and to serve on Checkers' counsel within ten (10) days after service of the default judgment, a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with this Order.

5. The Clerk is directed to enter a final default judgment in favor of Plaintiff and against Defendants in accord with paragraph 1 above, together with post-judgment interest to accrue at the legal rate.

**DONE AND ORDERED** at Tampa, Florida, on June 23, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE